IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

BRANDON W. MOSELEY                                                          PLAINTIFF

v.                                         Civil No. 6:17-cv-6068

WENDY KELLY, Director Arkansas
Department of Correction ("ADC");
WARDEN N. FAUST, ADC – Ouachita
River Unit; CAPTAIN LEWIS, ADC –
Ouachita River Unit; and LIEUTENANT
McGEHEE, ADC – Ouachita River Unit                                          DEFENDANTS

## **ORDER**

Before the Court is a Motion to Dismiss filed by Defendants. (ECF No. 17). Plaintiff Brandon W. Moseley has not responded to the motion and the time to do so has passed. The Court finds this matter ripe for consideration.

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis* on August 3, 2017. (ECF No. 1). On the same day, the Court entered an order stating, *inter alia*, that Plaintiff must inform the Court of any change of address within thirty days of the change. (ECF No. 3). The Court's order stated further that Plaintiff's failure to inform the Court of an address change may result in dismissal of this case. This order was not returned as undeliverable.

In the instant motion, defense counsel states that she mailed discovery requests and initial disclosures to Plaintiff's address of record on February 15, 2018, and February 20, 2018. Counsel represents that both items were returned to her office marked "Return to Sender – Parole 9-12-17". (ECF No. 17-1). Defendants argue that this case should be dismissed because Plaintiff has failed to keep the Court informed of his current address. (ECF No. 19).

On April 12, 2018, the Court entered a text only order directing Plaintiff to respond to the motion to dismiss by May 3, 2018. (ECF No. 19). Plaintiff was advised in the order "that failure to timely and properly comply with this Order shall result in the dismissal of this action, without

prejudice, pursuant to Local Rule 5.5(c)(2)." On April 19, 2018, the text only order was returned to the Court as undeliverable and marked "Paroled." As of the date of entry of this Order, Plaintiff has not provided the Court with an updated address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Defendants' Motion to Dismiss (ECF No. 17) is hereby **GRANTED**. Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of May, 2018.

/s/ Susan O. Hickey  
Susan O. Hickey  
United States District Judge